UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
KAMAR ANDERSON and DOMINIQUE JACKSON,

                            Plaintiffs,                    COMPLAINT

          -against-                            CV 12 -        3490

THE CITY OF NEW YORK, POLICE OFFICER
STACEY ROBINSON, Shield No. 18684, POLICE
OFFICER DUDLEY EWALD, Shield No. 17310,
 and  JOHN and JANE DOE 1 through 4, Individually      AMON, CH.J.
and in their official capacities (the names John and
Jane Doe being fictitious, as the true names are
presently unknown),

                            Defendants.           AZRACK, M.J.
-------------------------------------------------------------------x

          Plaintiffs, KAMAR ANDERSON and DOMINIQUE JACKSON,, by their attorney,

EDWARD FRIEDMAN, complaining of the defendants, respectfully allege as follows:

## PRELIMINARY STATEMENT

          1.      Plaintiffs bring action for compensatory damages, punitive damages and

attorney's fees pursuant to 42 U.S. §§ 1983 and 1988 for violation of the plaintiffs' civil

rights, as said rights are secured by said statutes and the Constitution of the State of New

York and the United States.

## JURISDICTION

          2.      The action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth

and Fourteenth Amendments to the United States Constitution.

          3.      Jurisdiction is found upon 28 U.S.C. §§1331, 1343 and 1367.

## VENUE

4.      Venue is properly laid in the Eastern District of New York under 28 U.S.C.

§1391(b), in that it is the District in which the claim arose.

## JURY DEMAND

5.      Plaintiffs respectfully demand a trial by jury of all issues in the matter pursuant

to Fed. R. Civ. P. 38(b).

## PARTIES

6.      Plaintiffs KAMAR ANDERSON and DOMINIQUE JACKSON are legal

residents of the United States and residents of the State of New York.

7.      Defendant CITY OF NEW YORK was and is a municipal corporation duly

organized and existing under and by virtue of the laws of the State of New York.

8.      Defendant CITY OF NEW YORK maintains the New York City Police

Department, a duly authorized public authority and/or police department, authorized to

perform all functions of a police department as per the applicable sections of the

aforementioned municipal corporation, City of New York.

9.      That at all times hereinafter mentioned, the defendants, STACEY

ROBINSON, DUDLEY EWALD, and JOHN and JANE DOE 1 through 4 were duly sworn

police officers of said department and were acting under the supervision of said department

and according to their official duties.

10.     That at all times hereinafter mentioned the defendants, either personally or

through their employees, were acting under color of state law and/or in compliance with the

2

officials rules, regulations, laws, statutes, customs, usages and/or practices of the State or City of New York.

11.     Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

12.     Each and all of the acts to be alleged herein were done by said individuals while acting in furtherance of their employment by defendant CITY OF NEW YORK.

## FACTS

13.     On April 20, 2011 at approximately 7:30 P.M plaintiffs KAMAR ANDERSON and DOMINIQUE JACKSON were lawfully outside premises 363 East 26th Street, in the County of Kings, City of New York.

14.     At the aforesaid time and place, the defendants, members of the New York City Police Department, unlawfully and without reasonable suspicion or probable cause approached plaintiff KAMAR ANDERSON while he was seated in his motor vehicle at the above location, forcibly removed him from the vehicle and arrested him. During the course of this incident, plaintiff was punched, assaulted, thrown to the ground, stepped on and otherwise manhandled by members of the New York City Police Department. The plaintiff was taken to the 67th Precinct, and subsequently to Central Booking in Kings County, City and State of New York, where he was arraigned on various misdemeanor charges. Plaintiff was held in custody until approximately midnight on April 22, 2011, when he was released

3

on his own recognizance.

15.     At the aforesaid time and place, the defendants, members of the New York City Police Department, unlawfully and without reasonable suspicion or probable cause approached plaintiff DOMINIQUE JACKSON and arrested her.  The plaintiff Dominique Jackson to the 67th Precinct, and subsequently to Central Booking in Kings County, City and State of New York, where she was arraigned on various felony and misdemeanor charges. Plaintiff was held in custody until approximately midnight on April 22, 2011 when she was released on her own recognizance. Both plaintiffs were prosecuted on these claims until March 30, 2012 when their cases were dismissed on the merits.

16.     As a result of the foregoing, plaintiffs, KAMAR ANDERSON and DOMINIQUE JACKSON sustained, *inter alia*, physical injury, emotional distress, embarrassment, and humiliation, and deprivation of their constitutional rights.

## FEDERAL CLAIMS

### AS AND FOR A FIRST CAUSE OF ACTION
### ON BEHALF OF PLAINTIFF KAMAR ANDERSON
(Deprivation of Rights Under 42 U.S.C.§1983)

17.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "16" with the same force and effect as if fully set forth herein.

18.     All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of State law.

19.     All of the aforementioned acts deprived plaintiff KAMAR ANDERSON of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth

4

and Fourteenth Amendments to the Constitution of the United States, and in violation of 42 U.S.C. §1983.

20.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto.

21.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police offices, pursuant to the customs, usages, practices, procedures, and the rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

22.     Defendants, collectively and individually, while acting under color of State law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

23.     As a result of the aforementioned conduct of defendants, plaintiff KAMAR ANDERSON was injured.

## AS AND FOR A SECOND CAUSE OF ACTION
## ON BEHALF OF PLAINTIFF KAMAR ANDERSON
(False Arrest Under 42 U.S.C. §1983)

24.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "23" with the same force and effect as if fully set forth herein.

25.     The defendants unlawfully arrested the plaintiff against his will without

probable cause.

26.     As a result of the foregoing, plaintiff was deprived of his Fourth and

Fourteenth Amendment rights.

## AS AND FOR A THIRD CAUSE OF ACTION
## ON BEHALF OF PLAINTIFF KAMAR ANDERSON
(Malicious Prosecution Under 42 U.S.C.§1983)

27.     Plaintiff repeats, reiterates and realleges each and every allegation contained

in paragraphs numbered "1" through "26 with the same force and effect as if fully set forth

herein.

28.     Defendants initiated, commenced and continued a malicious prosecution

against the plaintiff by providing false and/or misleading information to the Kings County

District Attorney's Office.

29.     Defendants caused plaintiff to be prosecuted until March 30, 2012, when all

charges were dismissed.

## AS AND FOR A FOURTH CAUSE OF ACTION
## ON BEHALF OF PLAINTIFF KAMAR ANDERSON
(Supervisory Liability Under 42 U.S.C. §1983)

30.     Plaintiff repeats, reiterates, and realleges each and every allegation contained

in paragraphs number "1" though "29" with the same force and effect as if fully set forth

herein.

31.     The supervisory defendants personally caused plaintiff's constitutional injury

6

by being deliberately or consciously indifferent to the rights of others in failing to properly supervise and train their subordinate employees.

32. As a result of the aforementioned conduct of defendants, plaintiff KAMAR ANDERSON was injured.

## AS AND FOR A FIFTH CAUSE OF ACTION
## ON BEHALF OF PLAINTIFF KAMAR ANDERSON
(Failure To Intervene Under 42 U.S.C. §1983)

33. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs number "1" through "32" with the same force and effect as if fully set forth herein.

34. Defendants had an affirmative duty to intervene on behalf of plaintiff KAMAR ANDERSON, whose constitutional rights were being violated in their presence by other officers.

35. The defendants failed to intervene to prevent the unlawful conduct described herein.

36. As a result of the foregoing, plaintiff KAMAR ANDERSON'S liberty was restricted for an extended period of time, he was assaulted and battered, put in fear of his safety, and he was humiliated and subjected to handcuffing and other physical restraints.

## AS AND FOR A SIXTH CAUSE OF ACTION
## ON BEHALF OF PLAINTIFF KAMAR ANDERSON
(Excessive Force Under 42 U.S.C. §1983)

37. Plaintiff repeats, reiterates and realleges each and every allegation contained

in paragraphs numbered "1" through "36" with the same force and effect as if fully set forth herein.

38.     The defendants unlawfully used excessive force against the plaintiff KAMAR ANDERSON without justification.

39.     As a result of the foregoing, plaintiff KAMAR ANDERSON was deprived of his Fourth and Fourteenth Amendment rights.

### AS AND FOR A SEVENTH CAUSE OF ACTION
### ON BEHALF OF PLAINTIFF KAMAR ANDERSON
(Municipal Liability Under 42 U.S.C. §1983)

40.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "39" with the same force and effect as if fully set forth herein.

41.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

42.     The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York Police Department included, but were not limited to, a de facto blanket policy, custom or practice of encouraging the unlawful arrests, detention and use of excessive force against young African-American males by the NYPD. In Addition, the City of New York engaged in a policy, custom or practice of inadequate screening, hiring, retaining, training and supervising its employees that was the moving force behind the

8

violation of plaintiff KAMAR ANDERSON'S rights as described herein. As a result of the failure of the City of New York to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, defendant CITY OF NEW YORK has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

43. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiff KAMAR ANDERSON.

44. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff KAMAR ANDERSON as alleged herein.

45. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the moving force behind the Constitutional violations suffered by plaintiff KAMAR ANDERSON as alleged herein.

46. As a result of the foregoing customs, policies, usages, practices, procedures and rules of the city of new York and the New York City Police Department, plaintiff KAMAR ANDERSON was unlawfully stopped, seized, assaulted, battered, detained and incarcerated.

47.     Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff KAMAR ANDERSON'S constitutional rights.

48.     All of the foregoing acts by defendants deprived plaintiff KAMAR ANDERSON of federally protected rights, including, but not limited to, the right:

    A.     To be free from false arrest and malicious prosecution;

    B.     To be free from the use of excessive force and/or the failure to intervene.

49.     As a result of the foregoing, plaintiff KAMAR ANDERSON is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants I an amount to be fixed by a jury.

<b><u>Supplemental State Law Claims</u><br>ON BEHALF OF PLAINTIFF KAMAR ANDERSON</b>

50.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "49" with the same force and effect as if fully set forth herein.

51.     Within ninety (90) days after the claim herein accrued, plaintiff duly served upon, presented to and filed with the City of New York, a Notice of Claim setting forth all facts and information required under the General Municipal Law 50-e.

52.     The City of New York has wholly neglected or refused to make an adjustment or payment thereof and more than thirty (30) days have elapsed since the presentation of such

10

claim as aforesaid.

53.    The action was commenced within one (1) year and ninety (90) days after the cause of action herein accrued.

54.    Plaintiff has complied with all conditions precedent to maintaining the instant action.

55.    This action falls within one or more of the exceptions as outlined in C.P.I.R. 1602.

### AS AND FOR AN EIGHTH CAUSE OF ACTION
### ON BEHALF OF PLAINTIFF KAMAR ANDERSON
(False Arrest Under the Laws of the State of New York)

56.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through " 55" with the same force and effect as if fully set forth herein.

57.    Plaintiff KAMAR ANDERSON  was arrested and held against his will in police custody for over approximately forty-eight (48) hours.

58. .  As a result of the aforementioned conduct, plaintiff KAMAR ANDERSON was unlawfully detained in violation of the laws of the State of New York.

### AS AND FOR A NINTH CAUSE OF ACTION
### ON BEHALF OF PLAINTIFF KAMAR ANDERSON
(Malicious Prosecution Under the Laws of the State of New York

59.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "58" with the same force and effect as if fully set forth

herein.

60.     Defendants initiated, commenced and continued a malicious prosecution

against plaintiff.

61.     Defendants caused plaintiff to be prosecuted in the absence of probable cause

and to do so until the charges were dismissed on or about March 30, 2012.

## AS AND FOR A TENTH CAUSE OF ACTION
## ON BEHALF OF PLAINTIFF KAMAR ANDERSON
(Assault and Battery  Under the Laws of the State of New York)

62.     Plaintiff repeats, reiterates, and realleges each and every allegation contained

in paragraphs numbered "1" through "61" with the same force and effect as if fully set forth

herein.

63.     The plaintiff KAMAR ANDERSON was assaulted and battered by the

individual defendants without any justification

64.     As a result of the aforementioned conduct of the defendants, plaintiff

KAMAR ANDERSON suffered physical and emotional injuries.

## AS AND FOR AN ELEVENTH CAUSE OF ACTION
## ON BEHALF OF PLAINTIFF KAMAR ANDERSON
(Negligent Screening, Hiring and Retention  Under the Laws of the State of New York)

65     Plaintiff  repeats, reiterates, and realleges each and every allegation contained

in paragraphs numbered "1" through "64" with the same force and effect as if fully set

forth herein.

12

66.    Upon information and belief, defendant City of New York failed to use reasonable care in the screening, hiring and retention of the aforesaid defendants who conducted and participated in the arrest of plaintiff KAMAR ANDERSON.

67.    Defendant City of New York knew, or should have known in the exercise of reasonable care, the propensities of the individual defendants to engage in the wrongful conduct heretofore alleged in the Complaint.

## AS AND FOR A TWELFTH CAUSE OF ACTION
## ON BEHALF OF PLAINTIFF KAMAR ANDERSON
(Negligent Training and Supervision  Under the Laws of the State of New York)

68.  Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "67" with the same force and effect as if fully set forth herein.

69.    Upon information and belief the defendant City of New York failed to use reasonable care in the training and supervision of the aforesaid defendants who conducted and participated in the arrest of plaintiff KAMAR ANDERSON.

## AS AND FOR A THIRTEENTH CAUSE OF ACTION
## ON BEHALF OF PLAINTIFF KAMAR ANDERSON
(Negligence  Under the Laws of the State of New York)

70.    Plaintiff repeats, reiterates, and realleges each and every allegation contained  in paragraphs numbered "1" through "69" with the same force and effect as if fully set forth herein.

13

71.     Plaintiff KAMAR ANDERSON'S injuries herein were caused by the carelessness, recklessness and negligence of the defendant City of New York and its employees and agents, who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

## AS AND FOR A FOURTEENTH CAUSE OF ACTION
## ON BEHALF OF PLAINTIFF KAMAR ANDERSON
### (*Respondeat Superior* Liability Under the Laws of the State of New York)

72.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "71" with the same force and effect as if fully set forth herein.

73.     Defendant City of New York is vicariously liable for the acts of its employees and agents who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

74.     As a result of the foregoing, plaintiff KAMAR ANDERSON is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## FEDERAL CLAIMS

## AS AND FOR A FIFTEENTH CAUSE OF ACTION
## ON BEHALF OF PLAINTIFF DOMINIQUE JACKSON
### (Deprivation of Rights Under 42 U.S.C.§1983)

75.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "74" with the same force and effect as if fully set forth herein.

14

76.     All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of State law.

77.     All of the aforementioned acts deprived plaintiff DOMINIQUE JACKSON of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States, and in violation of 42 U.S.C. §1983.

78.   The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto.

79.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police offices, pursuant to the customs, usages, practices, procedures, and the rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

80.     Defendants, collectively and individually, while acting under color of State law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

81.     As a result of the aforementioned conduct of defendants, plaintiff DOMINIQUE JACKSON was injured.

15

## AS AND FOR A SIXTEENTH CAUSE OF ACTION
## ON BEHALF OF PLAINTIFF DOMINIQUE JACKSON
### (False Arrest Under 42 U.S.C. §1983)

82.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "81" with the same force and effect as if fully set forth herein.

83.     The defendants unlawfully arrested the plaintiff against her will without probable cause.

84.     As a result of the foregoing, plaintiff was deprived of her   Fourth and Fourteenth Amendment rights.

## AS AND FOR A SEVENTEENTH CAUSE OF ACTION
## ON BEHALF OF PLAINTIFF DOMINIQUE JACKSON
### (Malicious Prosecution Under 42 U.S.C.§1983)

85.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "84" with the same force and effect as if fully set forth herein.

86.     Defendants initiated, commenced and continued a malicious prosecution against the plaintiff by providing false and/or misleading information to the Kings County District Attorney's Office.

87.     Defendants caused plaintiff to be prosecuted until March 30, 2012, when all charges were dismissed.

## AS AND FOR AN EIGHTEENTH CAUSE OF ACTION
## ON BEHALF OF PLAINTIFF DOMINIQUE JACKSON
### (Supervisory Liability Under 42 U.S.C. §1983)

88.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs number "1" though "87" with the same force and effect as if fully set forth herein.

89.     The supervisory defendants personally caused plaintiff's constitutional injury by being deliberately or consciously indifferent to the rights of others in failing to property supervise and train their subordinate employees.

90.     As a result of the aforementioned conduct of defendants, plaintiff DOMINIQUE JACKSON was injured.

## AS AND FOR A NINETEENTH CAUSE OF ACTION
## ON BEHALF OF PLAINTIFF DOMINIQUE JACKSON
### (Failure To Intervene Under 42 U.S.C. §1983)

91.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs number "1" through "90" with the same force and effect as if fully set forth herein.

92.     Defendants had an affirmative duty to intervene on behalf of plaintiff DOMINIQUE JACKSON, whose constitutional rights were being violated in their presence by other officers.

93.     The defendants failed to intervene to prevent the unlawful conduct described herein.

94      As a result of the foregoing, plaintiff DOMINIQUE JACKSON'S liberty was restricted for an extended period of time, she was put in fear of her safety, and she was humiliated and subjected to handcuffing and other physical restraints, without probable cause.

### AS AND FOR TWENTIETH CAUSE OF ACTION
### ON BEHALF OF PLAINTIFF DOMINIQUE JACKSON
(Municipal LiabilityUnder 42 U.S.C. §1983)

95.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "94" with the same force and effect as if fully set forth herein.

96.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

97.     The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York Police Department included, but were not limited to, a de facto blanket policy, custom or practice of encouraging the unlawful arrests, detention and use of excessive force against young African-Americans by the NYPD. In Addition, the City of New York engaged in a policy, custom or practice of inadequate screening, hiring, retaining, training and supervising its employees that was the moving force behind the violation of plaintiff DOMINIQUE JACKSON'S rights as described herein. As a result of the failure of the City of New York to properly recruit, screen, train, discipline, and supervise its officers,

18

including the individual defendants, defendant CITY OF NEW YORK has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

98. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiff DOMINIQUE JACKSON.

99. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff DOMINIQUE JACKSON as alleged herein.

100. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the moving force behind the Constitutional violations suffered by plaintiff JESSICA DANIELS as alleged herein.

101. As a result of the foregoing customs, policies, usages, practices, procedures and rules of the city of new York and the New York City Police Department, plaintiff DOMINIQUE JACKSON was unlawfully stopped, seized, detained and incarcerated.

102. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff DOMINIQUE JACKSON'S constitutional rights.

103. All of the foregoing acts by defendants deprived plaintiff DOMINIQUE

19

110.    This action falls within one or more of the exceptions as outlined in C.P.L.R. 1602.

### AS AND FOR A TWENTY-FIRST CAUSE OF ACTION
### ON BEHALF OF PLAINTIFF DOMINIQUE JACKSON
(False Arrest Under the Laws of the State of New York)

111.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through " 110" with the same force and effect as if fully set forth herein.

111.    Plaintiff DOMINIQUE JACKSON was arrested and held against her will in police custody for over approximately forty-eight (48) hours.

113.    As a result of the aforementioned conduct, plaintiff DOMINIQUE JACKSON was unlawfully detained in violation of the laws of the State of New York.

### AS AND FOR A TWENTY-SECOND  CAUSE OF ACTION
### ON BEHALF OF PLAINTIFF DOMINIQUE JACKSON
(Malicious Prosecution Under the Laws of the State of New York

114.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "113" with the same force and effect as if fully set forth herein.

115.    Defendants initiated, commenced and continued a malicious prosecution against plaintiff.

116.    Defendants caused plaintiff to be prosecuted in the absence of probable cause and to do so until the charges were dismissed on or about March 30, 2012.

21

## AS AND FOR A TWENTY-THIRD  CAUSE OF ACTION
## ON BEHALF OF PLAINTIFF DOMINIQUE JACKSON
(Negligent Screening, Hiring and Retention  Under the Laws of the State of New York)

117.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "116" with the same force and effect as if fully set forth herein.

118.    Upon information and belief, defendant City of New York failed to use reasonable care in the screening, hiring and retention of the aforesaid defendants who conducted and participated in the arrest of plaintiff DOMINIQUE JACKSON.

119.    Defendant City of New York knew, or should have known in the exercise of reasonable care, the propensities of the individual defendants to engage in the wrongful conduct heretofore alleged in the Complaint.

## AS AND FOR A TWENTY-FOURTH CAUSE OF ACTION
## ON BEHALF OF PLAINTIFF DOMINIQUE JACKSON
(Negligent Training and Supervision  Under the Laws of the State of New York)

120.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "119" with the same force and effect as if fully set forth herein.

121.    Upon information and belief the defendant City of New York failed to use reasonable care in the training and supervision of the aforesaid defendants who conducted and participated in the arrest of plaintiff DOMINIQUE JACKSON

22

## AS AND FOR A TWENTY-FIFTH CAUSE OF ACTION
## ON BEHALF OF PLAINTIFF DOMINIQUE JACKSON
(Negligence Under the Laws of the State of New York)

121. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "121" with the same force and effect as if fully set forth herein.

122. Plaintiff DOMINIQUE JACKSON'S injuries herein were caused by the carelessness, recklessness and negligence of the defendant City of New York and its employees and agents, who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

## AS AND FOR A TWENTY-SIXTH CAUSE OF ACTION
## ON BEHALF OF PLAINTIFF DOMINIQUE JACKSON
(*Respondeat Superior* Liability Under the Laws of the State of New York)

123. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "122" with the same force and effect as if fully set forth herein.

124. Defendant City of New York is vicariously liable for the acts of its employees and agents who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

125. As a result of the foregoing, plaintiff DOMINIQUE JACKSON is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive

23

damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

WHEREFORE, plaintiffs demand judgment and pray for the following relief, jointly and severally, against the defendants:

A.      Full and fair compensatory damages for each plaintiff in an amount to be determined by a jury;

B.      Punitive damages for each plaintiff in an amount to be determined by a jury;

C.      Reasonable attorney's fees on behalf of each plaintiff and the costs and disbursements of their actions; and

D.      Such other and further relief as appears just and proper.

Dated:  Brooklyn, New York
         July  10  , 2012

                                              _____
                                              EDWARD FRIEDMAN (EDF 4000)
                                              Attorney for Plaintiffs

                                              26 Court Street - Suite 1903
                                              Brooklyn, New York  11242
                                              (718) 852-8849

24